IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JAMISON MUNN,
and all others similarly situated,

    Plaintiffs,

v.                              C.A. No.:   1:20-cv-328
                                     **COLLECTIVE ACTION**

DCOMM, INC., and,
HAKAN S. BALTAOGLU,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMISON MUNN (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through his undersigned counsel, hereby sues Defendant, DCOMM, INC., and HAKAN S. BALTAOGLU (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1.    This is a collective action by Plaintiff, and others similarly situated (hereinafter collectively referred to "the Class") against their employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. The Class seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.    This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, DCOMM, INC., has offices Travis County, Texas.

## THE PARTIES

4.    Plaintiff is an individual residing in Travis County, Texas.

5.    Plaintiff, JAMISON MUNN, was employed by Defendants from November of 2018, until September 24, 2019, as an "Installer."   Plaintiff's principle duties were to install, repair, and maintain residential cabling for internet and television services. The duties include installing feeder lines that provide cable access to homes and businesses, laying ground cable, and setting up associated equipment for customers located solely within the state of Texas.

6.    The Class consists of Plaintiff and over 100 current and former employees of Defendants with the same or similar job duties and paid in the same or similar fashion.

7.    Defendant, DCOMM, INC., is a corporation existing under the laws of

the State of Texas and maintains offices in Austin, Texas.

8.     HAKAN S. BALTAOGLU, is an individual residing in Austin, Texas.

9.     Defendant, DCOMM, INC., operates a company that primarily operates as a cable installation contractor and is an employer as defined by 29 U.S.C. § 203(d).

10.     Defendant, HAKAN S. BALTAOGLU, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, DCOMM, INC., in relationship to the Class; therefore, Defendants, HAKAN S. BALTAOGLU and DCOMM, INC., are joint employers as defined by 29 U.S.C. § 203(d).

11.     Defendant, HAKAN S. BALTAOGLU, individually and on behalf of DCOMM, INC. (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.   HAKAN S. BALTAOGLU is a statutory employer under the FLSA.

12.     Defendant, DCOMM, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where the Class was employed.

13.     At all times material to this complaint, Defendant, DCOMM, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

14.     At all times material to this complaint, Defendant, DCOMM, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

15.     At all times material to this Complaint, Defendants were the employers of the Class, and, as a matter of economic reality, Plaintiff was dependent upon Defendants for their employment.

16.     The Class members were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendants' business activities.   Specifically, the Class members performed work relating to the installation of cable services for interstate commerce.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

17.     Plaintiff and others similarly situated, 1) installed satellite and cable services within the state of Texas; 2) did not hold positions considered as exempt under the FLSA; and, 3) were paid on a piece rate basis.

18.     Defendant, DCOMM, INC, has a business that provides cable installation services in residences and businesses in numerous cities within the state of Texas.

19.     The work arrangement between Defendants and the Class amounted to an employer-employee relationship for purposes of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

20.     Throughout the employment of the Class, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate the Class at a rate not less than one and one-half times his or her regular rate of pay for each hour worked in excess of 40 in a workweek.

21.     Specifically, Defendants did not pay overtime to the Class for work in excess of 40 hours in a workweek.

22.     The work schedules for the Class required them to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

23.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF DCOMM, INC. WHO WERE EMPLOYED AS INSTALLERS AT DCOMM, INC.'s AND WERE NOT PROPERLY COMPENSATED FOR ALL OVERTIME HOURS WORKED.

24.     This action is properly brought as a collective action for the following reasons:

a.      The Class is so numerous that joinder of all Class Members is

impracticable.

b.     Numerous questions of law and fact regarding the liability of Defendants, are common to the Class and predominate over any individual issues which may exist.

c.     The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendants' own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.     Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e.     The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

f.     The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.     Defendants acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

25.     For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because his claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice,

policy or plan regarding employee wages and hours.

26.     In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendants.

27.     Defendants' policy of not properly paying overtime is company-wide and "Installers," throughout the state of Texas, employed by Defendants during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiff.

28.     Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

29.     Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

30.     Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

31.     The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

32. As a result of Defendants' unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

33. The Class is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, JAMISON MUNN, and all others similarly situated, demand Judgment against Defendants, jointly and severally, for the following:

a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f. Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g. Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, JAMISON MUNN, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this March 26, 2020.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JAMISON MUNN,
and all others similarly situated,

     Plaintiffs,

v.                             C.A. No.:   1:20-cv-328

                                                  **COLLECTIVE ACTION**

DCOMM, INC., ET AL.,

     Defendants.

_____/

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____
SIGNATURE

Jamison Munn
_____
NAME (PRINTED)