IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JAMISON MUNN,
and all others similarly situated,

    Plaintiffs,

v.                                                                             C.A. No.:        1:20-cv-328
                                                                        **COLLECTIVE ACTION**

DCOMM, INC., and,
HAKAN S. BALTAOGLU,

    Defendants.
_____/

## WAIVER OF SERVICE OF SUMMONS

TO:    **CHARLES L. SCALISE**
          **ROSS LAW GROUP**
          1104 San Antonio Street
          Austin, Texas 78701
          (512) 474-7677 Telephone
          (512) 474-5306 Facsimile
          charles@rosslawgroup.com
          **ATTORNEYS FOR PLAINTIFF**

I acknowledge receipt of your request that I waive service of a summons in the action stated above, which was filed in the United States District Court for the Western District of Texas. I have also received a copy of the complaint in the action, two copies of this Instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that DCOMM, INC. be served with judicial process in the manner provided by Rule 4.

I understand that DCOMM, INC. will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against DCOMM, INC. if an answer or motion under Rule 12 is not served upon you within 60 days after the date the request was sent, which was April 9, 2020, or within 90 days after that date if the request was sent outside the United States.

 04/09/2020                    /s/ Tonia L. Lucio, Attorney for DCOMM, Inc.
Date                                    DCOMM, INC.
                                     C/O HAKAN S. BALTAOGLU, Registered Agent
                                     501 S. Powell Ln., Ste. 307
                                     Austin, TX 78753

                                                                       Tonia L. Lucio
                                                                       Richards Rodriguez & Skeith LLP
                                                                       816 Congress Avenue, Suite 1200
                                                                       Austin, Texas 78701
                                                                       Telephone: 512-391-8241
                                                                       Email: TLucio@rrsfirm.com

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving costs of service of the summons and complaint. A defendant located in the United States who after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the Court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.